IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY GALLEGOS, LORRAINE GALLEGOS,
and ANGELICA GALLEGOS, a minor, by her mother
and next friend, LORRAINE GALLEGOS,

    Plaintiffs,

vs.                                                           Civ. No. 01-1042 JP/RLP

MCI WORLDCOM, a Corporation, and
EDWARD MALIK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On October 17, 2001, Defendant MCI Worldcom (MCI) filed Defendant MCI Worldcom's Motion to Consolidate (Doc. No. 5). On November 13, 2001, the Plaintiffs filed Plaintiffs' Alternative Motion to Consolidate (Doc. No. 12). Having reviewed the briefs, I will grant MCI's Motion to Consolidate and deny the Plaintiff's Alternative Motion to Consolidate as moot.

A. Background

On September 7, 2001, the Plaintiffs filed this lawsuit in federal court. The lawsuit alleges violations of 42 U.S.C. §§1981 and 1982 arising from the conduct of the Defendants when Defendant Malik telephoned the Plaintiffs at their home in Ojo Sarco, New Mexico, a small rural town in northern New Mexico. Defendant Malik's telephone calls to the Plaintiffs related to his position as a telemarketer for MCI. This lawsuit was assigned to me and given the case number Civ. No. 01-1042 JP/RLP.

On September 27, 2002, the Plaintiffs filed in the First Judicial District Court, County of Rio Arriba, State of New Mexico, a state lawsuit based on the incidents alleged in the federal lawsuit. On October 1, 2001, MCI removed the state lawsuit to federal court where the lawsuit was initially assigned to the Honorable Martha Vazquez, a Santa Fe judge, and given the case number Civ. No. 01-1136 MV/JHG. Then, on November 29, 2001, the removed case was reassigned from Judge Vazquez to the Honorable Christina Armijo, an Albuquerque judge.

B. Discussion

The parties have agreed that the original federal lawsuit and the removed lawsuit should be consolidated.[1] At the time MCI's Motion to Consolidate and Plaintiffs' Alternative Motion to Consolidate were filed, the removed case was still assigned to Judge Vazquez. Since the lead case is the older original federal lawsuit, the Plaintiffs were concerned at that time that the consolidated case would be tried in Albuquerque, not Santa Fe. The Plaintiffs argued that the lead case should be the removed Santa Fe case because Santa Fe would provide a more convenient forum for trying the case. The Plaintiffs' argument, however, is moot. The removed case is now assigned to an Albuquerque judge. Consequently, no matter which case is the lead case, an Albuquerque judge will try the consolidated case.

The parties also mentioned without much factual detail or argument the separate issue of venue. Since the state of New Mexico is a single federal judicial district without formal divisional offices, venue is appropriate so long as the case is tried within the state of New Mexico. Trials

---

[1] The Plaintiffs correctly note that MCI violated D.N.M. LR-Cv 7.2(a) when it failed to determine if its Motion to Consolidate was opposed. Any further violations of D.N.M. LR-Cv 7.2(a) by MCI will result in sanctions, including an award of attorney's fees and costs to the opposing party.

cannot be restricted to any one of the four federal courthouses in New Mexico. It is my practice, however, to try a case where it is most convenient for the witnesses, parties, and attorneys, and where there is an available courtroom. I will discuss the issue of where to try this case at the pretrial conference.

IT IS ORDERED that:

1. Defendant MCI Worldcom's Motion to Consolidate (Doc. No. 5) is granted; and

2. Plaintiffs' Alternative Motion to Consolidate (Doc. No. 12) is denied as moot.

_____
CHIEF UNITED STATES DISTRICT JUDGE